IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LATASHA WAGNER                                                        PLAINTIFF
*On behalf of* S.S., a Minor

vs.                              Civil No. 4:18-cv-04118

NANCY A. BERRYHILL                                         DEFENDANT
Acting Commissioner, Social Security Administration

### MEMORANDUM OPINION

Latasha Wagner ("Plaintiff") brings this action on behalf of S.S., a minor, pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying S.S.'s application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**      **Background:**

Plaintiff protectively filed an SSI application on behalf of S.S. on October 23, 2014. (Tr. 16). With this application, Plaintiff alleges S.S. is disabled due to ADHD. (Tr. 154). Plaintiff alleges S.S.'s onset date was September 1, 2012. (Tr. 13). This application was denied initially and again upon reconsideration. (Tr. 44-53).

Thereafter, Plaintiff requested an administrative hearing on this denied application. This

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

hearing request was granted, and Plaintiff's administrative hearing was held on April 17, 2017. (Tr. 31-43). At this hearing, Plaintiff and S.S. were present and were represented by Greg Giles. *Id.* Plaintiff and S.S. testified at this hearing. *Id.*

On May 9, 2017, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI on behalf of S.S. (Tr. 10-28). In this decision, the ALJ determined S.S. was born on January 23, 2008 and was a school-aged child on October 23, 2014, the date the application was filed, and was currently a school-aged child. (Tr. 16, Finding 1). The ALJ determined S.S. had not engaged in Substantial Gainful Activity ("SGA") since October 23, 2014, the application date. (Tr. 19, Finding 2). The ALJ determined S.S. had the following severe impairments: attention deficit hyperactivity disorder, mood disorder, and probable borderline intellectual functioning. (Tr. 19, Finding 3). The ALJ also determined, however, that none of S.S.'s impairments met, medically equaled, or were functionally equivalent to the Listing of Impairments in Appendix 1, Subpart P, Regulations No. 4 ("Listings"). (Tr. 19-24, Findings 4-5).

In assessing whether S.S.'s impairments were functionally equivalent to the Listings, the ALJ assessed six domains of functioning. (Tr. 16-24, Finding 5). Specifically, the ALJ determined S.S. had the following limitations in the six domains of functioning: (1) less than marked limitation in acquiring and using information; (2) less than marked limitation in attending and completing tasks; (3) less than marked limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects (no limitation was alleged); (5) less than marked limitation in ability to care for herself; and (6) no limitation in health and physical well-being. *Id.* Based upon these findings, the ALJ determined S.S. had not been under a disability, as defined by the Act, at any time from the date Plaintiff's application was filed through the date of the ALJ's decision. (Tr. 24,

2

Finding 6).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. On March 22, 2018, the Appeals Council declined to review this unfavorable decision. (Tr. 2-6). On August 16, 2018, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 16, 2018. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 13-14. This case is now ready for decision.

**2.**     <u>**Applicable Law:**</u>

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)),

3

which provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409.

Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed her application in 2014, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924. First, the ALJ must determine whether the minor child has engaged in substantial gainful activity. If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment. If a severe impairment is found, the ALJ will proceed to the third step. At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1. A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the

standard requirements for a disability listing. *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005) (unpublished). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e). An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

**3.    Discussion:**

In Plaintiff's appeal brief, she raises one argument: the ALJ erred in finding S.S.'s impairments were not functionally equivalent to the Listings. ECF No. 13 at 1-21. The Court will evaluate this argument for reversal.[2]

---

[2] It appears Plaintiff also argues at the end of her briefing that S.S.'s impairments *meet* the requirements of Listings 112.05 and 112.11. ECF No. 13 at 13-21. Those listings, however, require nearly the same demonstration of "marked" and "extreme" limitations as are required for functional equivalency. Thus, the Court will only address those arguments under functional equivalency.

As noted above, the ALJ evaluated six domains of functioning to determine functional equivalence: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself, and (6) health and physical well-being. In the present action, Plaintiff claims S.S. has an "extreme" limitation in acquiring and using information and attending and completing tasks and a "marked" limitation in interacting and relating with others. ECF No. 13 at 1-13. The Court will address each of these domains separately.

### A.     Acquiring and Using Information

Plaintiff claims S.S. has an "extreme" limitation in this domain of functioning. ECF No. 13 at 7-8. In his opinion, the ALJ determined Plaintiff had a "less than marked limitation in acquiring in using information." (Tr. 19). The ALJ based this determination upon the following:

> The claimant has **less than marked** limitation in acquiring and using information. In August 2015, the claimant was administered the Wechsler Intelligence Scale for Children, Fourth Edition (WISC-IV), to determine her level of intelligence (Exhibit 9F/6). On the testing, the claimant earned a full-scale IQ score of 64 with a verbal score of 73 and a fluid reasoning index of 69. The claimant's scores meant she suffered from a very low range of intelligence. On the Wide Range of Achievement Test, Fourth Edition (WRAT-IV), the claimant earned below average and very low scores in the area of reading composition and math computation, respectively (Exhibit 9F/6). The claimant also suffers from dyslexia (Exhibit 10F/2).
>
> The claimant's teachers also confirmed her deficits in this domain. The claimant's first grade teacher Laurel McCarter stated in the December 2014 Teacher Questionnaire that the claimant had problems with comprehending and following oral and written information and with completing math problems (Exhibit 9E/2). Her teacher Meredith Smith stated in the March 2017 Teacher Questionnaire that the claimant had "very serious" struggles in basic mathematical computation and problem-solving (Exhibit 12E/3). The claimant's language teacher Letitia Elkins described in the March 2017 Teacher Questionnaire that the claimant had "obvious" problems (3 out of 5 in intensity) with learning, comprehending, and understanding information (Exhibit 13E/3).
>
> The claimant's impairments in this domain do not rise to the level of "marked"

limitations because her symptoms improve with special education and treatment. For example, Ms. Smith stated that the claimant's limitation improved with extra support and instruction in small group settings (Exhibit 12E/3). Also, the claimant's greatest deficit is in math while she retains better functioning in her reading and language skills. Therefore, on balance, the claimant's more significant deficits in this domain are reduced to the point where they impose "less than marked" limitations on her functioning.

*Id.* Upon review of these reasons and Plaintiff's briefing on this issue, the Court finds no basis for reversing the ALJ's decision on this domain of functioning. Furthermore, even if, based upon her low IQ test scores alone, S.S. might be found to have a "marked" limitation, the Court finds no other domain in which S.S. would also have a "marked" limitation such that S.S. could meet the functional requirements for the Listings.

### B. Attending and Completing Tasks

Plaintiff claims S.S. has an "extreme" limitation in this domain of functioning. ECF No. 13 at 8-10. In his opinion, the ALJ determined Plaintiff had a "less than marked limitation in attending and completing tasks." (Tr. 20). The ALJ based this determination upon the following:

> The claimant has **less than marked** limitation in attending and completing tasks. The claimant has a diagnosis of ADHD, which inherently causes some limitations in this domain (Exhibit 9F). In particular, the claimant was hyperactive, intrusive, and restless throughout her August 2015 examination with the psychologist James Lee Hoover, Ed.D. (Exhibit 9F/4). In their Teacher Questionnaires, all of the claimant's teachers reported that the claimant had problems with paying attention, completing tasks, and working with distracting others (Exhibits 9E/3; 12E/4; 13E/4).
>
> The claimant's limitations within this domain do not impose serious limitations on her functioning to rise to the level of "marked" limitations. She was able to be redirected when she presented with hyperactive symptoms (Exhibit 9F/4). Also, her symptoms have shown some improvement with her anti-stimulant medications (Exhibit 7F-5).

*Id.* Upon review of Plaintiff's briefing on this issue and the ALJ's opinion, the Court finds no basis for reversing the ALJ's decision on this domain of functioning

7

### C. Interacting and Relating with Others

Plaintiff claims S.S. has a marked limitation in this domain of functioning. ECF No. 13 at 10-11. In his opinion, the ALJ determined Plaintiff had a "less than marked limitation in interacting and relating with others." (Tr. 21). The ALJ based this determination upon the following:

> The claimant has **less than marked** limitation in interacting and relating with others. The claimant's teachers report that she has in-school suspensions and that she has problems following rules, playing with other children, and seeking attention (Exhibit 12E/5; 13E/5) The claimant also demonstrated a variable mood and anger outbursts in her earlier examinations (Exhibits 1F, 2F). She also showed some intrusiveness in her August 2015 examination with Dr. Hoover (Exhibit 9F/2).
>
> The claimant's limitations in this domain do not rise to the level of "marked" limitations because she was not properly medicated at the time of her examinations. In fact, it appears that it was the claimant's behavioral problems that led to her eventual diagnosis and treatment for ADHD. The claimant's medical reports and school records after her treatment show that her behavioral problems have improved (Exhibit 11E, 12E, 13E, 10F).

*Id.* Upon review of Plaintiff's briefing on this issue and the ALJ's opinion, the Court finds no basis for reversing the ALJ's decision on this domain of functioning

Because the Court cannot find a basis for reversal as to any of these domains of functioning, the Court likewise finds no basis for reversal in this case.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff on behalf of S.S. is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 17th day of July 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE